MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BERNARD, an individual, on behalf of himself and those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CREDICO INC., a Nevada Corporation d/b/a QUANTUM COLLECTIONS,<br><br>Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

### **COMPLAINT**

Plaintiff, DAVID BERNARD (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, allege upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### **PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT'S violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. NEVADA CREDICO, INC. d/b/a QUANTUM COLLECTIONS (hereinafter referred to as "DEFENDANT") is a Nevada Corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about April 3, 2012, DEFENDANT mailed or caused to be mailed a form collection letter (the "Form Letter") to PLAINTIFF in an attempt to collect an alleged consumer

debt from PLAINTIFF. A true and correct copy of the Form Letter is attached hereto as Exhibit "1".

## CLASS ALLEGATIONS

11. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 10 inclusive, above.

12. This claim for relief is brought by PLAINTIFF individually and on behalf of a class consisting of consumers with Nevada addresses who:

    a. Within one year prior to the filing of this action;

    b. Were sent a collection letter by DEFENDANT;

    c. In a form materially identical or substantially similar to the Form Letter sent to the PLAINTIFF, attached hereto as Exhibit "1"; and

    d. The letter was not returned by the postal service as undelivered.

13. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

    a. The collection letter at the heart of this litigation is a form letter and the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominates over any questions affecting individual class members. The principal question presented by this case is whether the Form Letters violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

    c. The only issue related to the individuals of class is the identification of the individual consumers who received the Form Letters (i.e. the class members), a matter capable of ministerial determination from the DEFENDANT'S records.

    d. PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

    e. PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

14. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

15. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
AND A CLASS OF SIMILARLY SITUATED PERSONS
FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692g(a)**

16. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17. 15 U.S.C. § 1692g provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;

- 4 -

>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18.　In addition, 15 U.S.C. § 1692g(a) provides, in pertinent part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

19.　The Form Letters are deceptive and misleading, and violate 15 U.S.C. § 1692g(b) in that PLAINTIFF and the class members' rights to dispute the debt are overshadowed in the letter by DEFENDANT'S contradictory statement that PLAINTIFF's account will be "held for 10 days" pending full payment.

20.　As a result of the FDCPA violations by DEFENDANT, PLAINTIFF and the class members are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

21.　It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## SECOND CLAIM FOR RELIEF

**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
AND A CLASS OF SIMILARLY SITUATED PERSONS
FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692e**

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. Section 1692e of the FDCPA states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the forgoing, the following conduct is a violation of this section:
> 
> *     *     *
> 
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

24. This notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the "least sophisticated consumer."

25. DEFENDANT'S Form Letter, in the forms represented by Exhibit 1, contains the following language in Spanish: "Si usted no puede comprender o leer esto en Ingles por favor llame el numero telefonico de este aviso." However, it contains no disclosures pursuant to 15 U.S.C. § 1692e(11) in Spanish.

26. DEFENDANT'S inclusion of some information in Spanish, while failing to include the disclosures required section 1692e(11) in Spanish, is deceptive and is likely to mislead the least sophisticated consumer because, by including the Spanish sentence, DEFENDANT effectively solicited a phone call without disclosing that the communication was

from a debt collector as required by 15 U.S.C. § 1692e(11).  *See Ehrich v. I.C. System, Inc.*, 681 F. Supp. 2d 265, 274 (E.D.N.Y. 2010).

27.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF and the class members are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

28.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.00 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     A declaration that the Form Letter, represented by Exhibit "1" violated the FDCPA, pursuant to 15 U.S.C. § 1592k(a)(3);

(5)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

- 7 -

(7) For any and all other relief this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury in this action.

DATED this  3rd  day of October 2012.

                                              **THE BOURASSA LAW GROUP, LLC**

                                              **/S/ MARK J. BOURASSA, ESQ.**
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorney for Plaintiff*